United States District Court
Southern District of Texas
**ENTERED**
July 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR AZIZ TORKIZADEH, § | |
| TDCJ # 01643313, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-1034 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Victor Aziz Torkizadeh, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner proceeds *pro se*. The respondent filed a motion for summary judgment (Dkt. 11) and a copy of the state court records (Dkt. 10). Torkizadeh has not responded, and the time to respond has expired. The motion is ripe for decision. Having reviewed the petition, the motions and briefing, the applicable law, and all matters of record, the Court will **DISMISS** this action as time-barred for the reasons explained below.

### I.   BACKGROUND

On May 3, 2010, a jury convicted Torkizadeh of manslaughter in the 268th District Court of Fort Bend County, Case No. 051353, and sentenced him to 20 years in TDCJ (Dkt. 10-1, at 262-64; Dkt. 1, at 2). On March 8, 2012, the Fourteenth Court of Appeals

affirmed his conviction (Dkt. 10-20; Dkt. 10-21; Dkt. 10-22).  Torkizadeh filed a petition for discretionary review, which the Court of Criminal Appeals refused on June 13, 2012 (PD-0447-12).  *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited July 25, 2023).

On July 27, 2018, Torkizadeh executed an application for state habeas relief (Dkt. 10-29, at 54-72) (WR-88,874-01). The Court of Criminal Appeals denied the application in a written order on September 18, 2019 (Dkt. 10-55; Dkt. 10-56).[1]

Torkizadeh executed his federal petition on February 10, 2022, and it was docketed with the Court on March 30, 2022 (Dkt. 1). He brings six claims for relief: (1) actual innocence of the convicted defense and miscarriage of justice; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4) insufficient evidence to support the conviction; (5) abuse of discretion in connection with a juror who knew the family of the deceased; and (6) abuse of discretion in connection with his request to testify about the fact that he knew a juror personally (Dkt. 1, at 6-8).  He also filed a memorandum in support of his petition (Dkt. 2).

The respondent moved for summary judgment and seeks dismissal of all of Torkizadeh's claims under the statute of limitations.  Regarding the timeliness of his petition, Torkizadeh asserts that the post-conviction process "has been a long and drawn out procedure" and that he "worked through everything" *pro se* (Dkt. 1, at 10).  He also

---

[1]  Torkizadeh also filed an application for a writ of mandamus, which the Court of Criminal Appeals denied leave to file on September 18, 2019 (Dkt. 10-80) (WR-88,874-02).

claims that "this is an argu[ment] of actual innocence that was not recognized on the State level" (*id.*).

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

The petitioner seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In Torkizadeh's case, the appellate court affirmed his conviction on March 8, 2012, and the Court of Criminal Appeals refused his petition for discretionary review on June 13,

2012. Because he did not file a petition for a writ of *certiorari* to the United States Supreme Court, his conviction became final on Tuesday, September 11, 2012, when his 90-day period for filing the petition ended. *See* SUP. CT. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003). Therefore, his limitations period expired one year later, on Wednesday, September 11, 2013. His federal petition, executed on February 10, 2022, is over eight years late and time-barred unless a statutory or equitable exception applies.

Torkizadeh's state habeas application, filed in 2018, did not toll the limitations period under AEDPA because, at the time he filed the application, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Additionally, Torkizadeh does not demonstrate the applicability of any provisions in § 2244(d)(1) that might render his petition timely because he does not identify the removal of a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a factual predicate for his claims discovered within one year of his petition.

To the extent Torkizadeh invokes equitable tolling, he is required to demonstrate that he diligently pursued his rights. Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). A petitioner is entitled to equitable tolling of AEDPA's limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). Application of the doctrine "'turns on the facts and

circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). A petitioner seeking application of the doctrine has the burden to provide supporting facts. *See Fisher*, 174 F.3d at 715. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition. *Id.* at 714.

Torkizadeh presents no facts that could show that he diligently pursued his rights or that, in the time before his limitations period expired on September 11, 2013, an extraordinary circumstance prevented him from filing the claims he brings in this petition. He thus has not demonstrated that "strict application of the statute of limitations would be inequitable." *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (cleaned up). To the extent Torkizadeh relies on the fact that has proceeded *pro se* during the post-conviction process (Dkt. 1, at 10), this fact is insufficient to warrant equitable tolling. *See Fisher*, 174 F.3d at 714.

Finally, Torkizadeh invokes actual innocence. Actual innocence, if proved, serves as an equitable exception to the limitations period in Section 2244(d) and allows a "gateway" for a petitioner to present claims that otherwise would be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Hancock v. Davis*, 906 F.3d 387, 389-390 (5th Cir. 2018). A showing of actual innocence is "rare" and requires a petitioner to show that, "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). Although a petitioner

is not required to show diligence, as would be required for equitable tolling, the timing of the petition "is a factor bearing on the 'reliability of the evidence' purporting to show actual innocence." *McQuiggin*, 569 U.S. at 386-87 (quoting *Schlup*, 513 U.S. at 332). In other words, if a petitioner has delayed in bringing his claim of actual innocence, that delay is a factor relevant to the reliability of his evidence. *Id*. at 399.

Here, Torkizadeh argues that the "reported facts" in his case do not support his conviction because the prosecutor at his trial presented false evidence about the van used in the crime (Dkt. 1, at 6; *see* Dkt. 2, at 15-26). His arguments appear to rely on evidence that was in the trial record, as well as purchase orders and other evidence presented to the state habeas court, which purportedly show that Torkizadeh did not own the van in question prior to the date of the crime. The appellate court's opinion, which is quoted at length in the respondent's motion, reflects that the ownership of various vans was raised and litigated during Torkizadeh's trial and direct appeal. *See* Dkt. 10-20, at 9-12 (appellate court opinion discusses the testimony and evidence about confusion regarding two vans used by Torkizadeh that looked similar). Moreover, the appellate court held that the evidence at trial was sufficient to support the conviction for manslaughter, relying on Torkizadeh's admission in a 911 call that he had hit and run over the deceased, among other evidence, and specifically rejecting Torkizadeh's argument regarding the particular van used in the crime. *See id.* at 14 ("appellant admitting to hitting [the deceased] with a vehicle—it does not matter what vehicle he used"). Torkizadeh pleads no facts that could show that his

evidence qualifies as "new" under the actual innocence standard, *see McQuiggin*, 569 U.S. at 386, and his actual-innocence argument must fail.

Because Torkizadeh's petition is time-barred and he presents no meritorious argument to extend the limitations period in his case, the respondent's motion for summary judgment will be granted.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 11) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     July 27    , 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE