UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR AZIZ TORKIZADEH, § | |
| TDCJ # 01643313, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-1034 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

On July 27, 2023, the Court dismissed the habeas petition filed by Victor Aziz Torkizadeh as time-barred under 28 U.S.C. § 2244(d) (Dkt. 12; Dkt. 13). Torkizadeh filed a motion for reconsideration (Dkt. 14) that is timely under Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

Torkizadeh seeks reconsideration based on his lack of legal training. He states that he never wasted "a single day" when he was permitted to access the law library, that the research materials available to him were out of date, and that he prepared over 1,000 pages

of notes when preparing his petition (Dkt. 14, at 1).  He also states that, "just as much as he knows he fals[e]ly confessed" to taking the life of another in the crime for which he was convicted, the jury never law crucial evidence regarding ownership of the van used in the crime (*id*. at 2).

The Court's dismissal order held that Torkizadeh's *pro se* status is insufficient to warrant equitable tolling (Dkt. 12, at 5).  The Court further determined that the facts he presented in support of actual innocence failed to show that his evidence was "new" as required by the governing legal standard (*id*. at 5-7 (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)).

Torkizadeh's current motion does not demonstrate newly discovered evidence or a manifest error of law or fact that could justify relief under Rule 59(e).  *See Rodriguez*, 695 F.3d at 371.    Rather, he raises arguments that were, or could have been, made before the judgment issued.  His arguments do not show that the Court erred in dismissing his petition as time-barred.  His request for reconsideration (Dkt. 14) therefore is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on          August 18          , 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE